UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LEROY VERRET, SR.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 09-3442** |
| **NORTH STAR MARINE, LLC** | **SECTION: "N" (4)** |

**ORDER**

Before the Court is a **Motion for a More Definite Statement (R. Doc. 12)**, filed by Defendant, North Star Marine, LLC ("North Star"), seeking a more definite statement of the Plaintiff, Leroy Verret, Sr.'s ("Verret") Amended Seaman's Complaint. Verret did not file a response opposing the motion. The motion was heard without oral argument on Wednesday, September 16, 2009.

**I.  Background**

Verret brings this Jones Act Seaman's Complaint against North Star, his previous employer, alleging that, while working for North Star, he was injured as a result of North Star's negligence. (R. Doc. 1, ¶ VI.) Asset asserts that North Star negligently allowed a seriously dangerous condition to exist aboard its vessel, promoted unsafe practices aboard its vessels, and provided an unseaworthy vessel. (R. Doc. 1, ¶ VI.) The subject action arises primarily from the events surrounding an accident aboard North Star's vessel on December 23, 2008, in which Verret was injured. The Court has summarized the facts in a previous Order (R. Doc. 18), and therefore, only sets forth an abbreviated version of the facts in this Order.

On August 21, 2009, the Court granted Verret's Motion to Amend/Correct Seaman's Complaint (R. Doc. 9) and that same day, Verret's Amended Seaman's Complaint (R. Doc. 10) was entered into the record. Verret's Amended Seaman's Complaint adds the claim that Verret suffered an electrocution two years ago while employed by North Star to Paragraph IV. (R. Doc. 10, p. 1.) North Star now brings a motion for a more definite statement pursuant to Federal Rule of Civil Procedure ("Rule") 12(e), claiming that Verret's Amended Seaman's Complaint is too ambiguous to satisfy the pleading requirements under Rule 8(a) and that the Court should issue an Order requiring Verret to supply a more definite statement.

## II.  Standard of Review

Federal Rule of Civil Procedure ("Rule") 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Motions for more definite statements are generally disfavored because the Rules simply call for a short and plain statement of the claim to give the defendant fair notice of the claim and the grounds upon which it rests. *Acker v. Bishop*, No. 06-0710, 2006 WL 1895484, at *1 (W.D. La. Jul. 10, 2006); Fed. R. Civ. P. 8; *see also General Star Indem. Co. v. Vesta Fire Ins. Co.*, 173 F.3d 946, 951 (5th Cir. 1999) (reasoning that Rule 8 only requires a short and plain statement of sufficient to (1) provide notice of the circumstances giving rise to the claim or (2) set forth sufficient information to outline the claim elements or permit inferences to be drawn that these elements exist.").

Rule 12(e) provides a remedy for unintelligible pleadings, and thus is only successfully invoked where (1) a responding party cannot reasonably respond to a pleading or (2) the pleading does not provide sufficient notice. *Id*. Furthermore, a motion for a more definite statement is

2

inappropriate where the parties can discover additional information through discovery. *Id.*; *Blum v. Roberts*, No. 06-2307, 2006 WL 2135457, at *2 (E.D. La. Jul. 28, 2006).

Under Rule 12(e), a motion for a more definite statement "must be made before filing a responsive pleading and must point out the defects complained of and the details desired." Furthermore, if the court orders a more definite statement and the non-moving party fails to comply within ten (10) days after the order, or another court-determined time, then the court may strike the pleading or issue an appropriate order. *Id.*

### III. <u>Analysis</u>

North Star claims that Verret's Amended Seaman's Complaint—which alleges that Verret was electrocuted two years ago while employed by North Star—fails to explain how Verret was electrocuted, the equipment that led to his electrocution, the facts leading up to the electrocution, the people involved in the accident, or the injuries suffered by Verret as a result of the electrocution. (R. Doc. 12-2, p. 1.) North Star contends that complaints are required to briefly explain who, what, when, where, why, and how regarding the alleged wrongdoing; and that Verret's Amended Complaint is silent as to who, where, why, and how. (R. Doc. 12-2, p. 3.) North Star claims that the Amended Complaint, as written, does not give adequate notice of the facts leading to the claim against it, and that Verret should therefore submit a more definite statement.

As written, Verret's Amended Seaman's Complaint does not give North Star adequate notice of the circumstances leading to Verret's claim. As stated in *Bitte v. United Cos. Lending Corp.*, Verret should "briefly explain who, what, when, where, why, and how" regarding North Star's wrongdoings that led to Verret's electrocution. No. CIVA 06-5648, 2006 WL 3692754, at *1 (E.D. La. Dec. 11, 2006). Furthermore, it is not clear from Verret's Amended Complaint how the

electrocution injury suffered two years ago relates to his Original Complaint.

Under Local Rule 7.5E, any opposition memorandum is due eight (8) days prior to the hearing. Verret did not file a memorandum in opposition, nor request for an extension of time within which to oppose the motion. Accordingly, after concluding that the motion has merit,

**IT IS ORDERED** that the Defendant, North Star Marine, LLC's **Motion for a More Definite Statement** (R. Doc. 12) is hereby **GRANTED.**

**IT IS FURTHER ORDERD** that Verret file a Second Amended Complaint, providing the information requested by North Star, on or before November 18, 2009.

New Orleans, Louisiana, this 28th of October 2009

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**